UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:08CV-62-M

HOWARD BRADLEY MAYFIELD                                          PLAINTIFF

v.

HENDERSON COUNTY DETENTION CENTER *et al.*                     DEFENDANTS

<u>MEMORANDUM OPINION</u>

This action is before the Court for preliminary screening pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  This statute requires the Court to dismiss a case at any time if the court

determines that it is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from relief.  *See id*.;  *McGore v.

Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons explained below, the Court must

dismiss Plaintiff's complaint because it fails to state a claim upon which relief may be granted.

**I.  STANDARD OF REVIEW**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a

claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544  (2007) (internal citations omitted).  "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  In

reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. FACTS

Plaintiff, a former inmate at the Henderson County Detention Center,[1] has sued the Henderson County Detention Center, Colonel Rowland, Lieutenant Summers, and Corporal Vincent pursuant to 42 U.S.C. § 1983. Plaintiff explains his claim as follows:

> I was placed in isolation for 7 days and was not given my writing materials (paper, pen, stamps and envelope) or hygiene supplies (no comb, brush, toothpaste or hair conditioner). I am a FBOP Inmate at a federal holding facility. I'm being charged for medical and medications.

It is unclear what relief Plaintiff is seeking.

---

[1]Plaintiff has been released from prison since filing this action.

### III.  ANALYSIS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. It has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

As for Plaintiff's first claim, the Supreme Court in *Sandin v. Conner*, 515 U.S. 472 (1995), held that a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.  In *Sandin*, the Supreme Court concluded that a prisoner has no liberty interest in remaining free from administrative segregation because it does not impose an "atypical and significant hardship." *Id.*  Keeping a prisoner in segregation for seven days under the conditions alleged in Plaintiff's complaint does not rise to the level of an "atypical and significant" deprivation that would implicate a protected liberty interest.  *See Harden-Bey v. Rutter*, 524 F.3d 789, 792-93 (6th Cir. 2008) (noting that while a thirty-day placement in segregation did not implicate a protected liberty interest, there was a question of fact as to whether an "indefinite" placement that had already lasted three years did implicate a protected liberty interest); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (finding that loss of privileges and placement in segregation does not give rise to a protected liberty interest).  As such, Plaintiff has not alleged a deprivation of a federal statutory or constitutional right with respect to his first claim.

Plaintiff's second claim also fails to establish that Defendants violated his federally protected rights.  Plaintiff complains that prison officials charged him medical co-pays.  However,

prisons and jails are entitled to charge inmates for necessities and medical care.  *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."). A violation of the Eighth Amendment only occurs if the prison or jail conditions the right to receive necessary care or necessities on the payment of such fees.  *See Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997).  In this case, Plaintiff is not alleging that he was denied medical care or necessities.  As such, he has failed to state an Eighth Amendment claim.  *Id.*  Additionally, the Sixth Circuit has implicitly rejected the notion that charging a medical co-pay constitutes a "taking" under the Fifth Amendment because the inmates receive services in exchange for the payment.  *See Bailey v. Carter*, 15 F. App'x  245, 251 (6th Cir. 2001) ("The copayment fee was deducted from their accounts in exchange for medical services.") (citing  *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981)).

Because Plaintiff has failed to allege that Defendants violated any right protected by federal law or the Constitution, he cannot maintain a claim under § 1983.  As such, the Court will enter an Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*

4414.008

4